IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case Nos. CR-19-372-F |
| | ) | CIV-23-255-F |
| ZACHARY GEORGE CRISTER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Zachary George Crister, a federal inmate proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Doc. nos. 1004 and 1005.[1] Plaintiff United States of America has responded, opposing the motion. Doc. no. 1011. Defendant has replied. Doc. no. 1014. Upon due consideration of the parties' submissions, the court makes its determination.

I.

*Procedural History*

On December 4, 2019, defendant was charged by indictment with seven counts: (1) drug conspiracy, in violation of 21 U.S.C. § 846 (Count 1); (2) distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts 2-5); (3) use of a telephone to facilitate the distribution of methamphetamine, in violation of 21 U.S.C. § 843(b) (Count 6); and (4) possession of methamphetamine with intent to distribute, in violation of 21 U.S.C § 841(a)(1) (Count 8). Pursuant to a plea

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

agreement, defendant pleaded guilty to Counts 2, 6, and 8 on September 21, 2020.[2] Subsequently, on July 6, 2021, the court sentenced defendant to a term of 240 months' imprisonment, consisting of 240 months as to each of Counts 2 and 8, and 48 months as to Count 6, all such terms to run concurrently.[3] Counts 1, 3, 4 and 5 were dismissed upon motion of the government. Judgment was entered that same day.

Defendant appealed his conviction and sentence to the Tenth Circuit. Because defendant's plea agreement included an appeal waiver, the government moved to enforce it under United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) and 10th Cir. R. 27.3(A)(1)(d). After finding the Hahn factors were met and no non-frivolous argument against enforcing the waiver existed, the Tenth Circuit granted the government's motion and dismissed the appeal.

Defendant has timely filed his § 2255 motion and supporting memorandum. In his papers, defendant alleges five grounds of constitutionally ineffective assistance of counsel. He claims his defense counsel rendered constitutionally ineffective assistance by: (1) allowing him to plead guilty to Count 2, when defendant maintained his innocence of that charged crime, and the government's evidence—text messages and a phone call—supporting Count 2, if properly researched, would have proven his innocence; (2) failing to adequately investigate and research the dispositive issues as to Count 2; (3) improperly coercing defendant to plead guilty by misinforming him that he had to go to trial on all counts or plead guilty; (4) misinforming defendant as to his true sentence exposure—insinuating that

---

[2] Specifically, Count 2 charged defendant with distribution of 26 grams of actual methamphetamine; Count 6 charged defendant with use of a telephone to facilitate the distribution of methamphetamine; and Count 8 charged defendant with possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

[3] In sentencing defendant to 240 months, the court varied downward from the advisory guideline range of 262 months to 327 months.

2

he would receive no more than 10 years of imprisonment; and (5) allowing defendant to plead guilty to Count 2, which subjected him to sentencing enhancements for importation, U.S.S.G. § 2D1.1(b)(5), and for manager/supervisor, U.S.S.G. § 3B1.1(b), which would not have otherwise applied.

Specifically, with respect to grounds 1 and 2, defendant alleges that after reviewing text messages supporting the crime charged in Count 2, he informed defense counsel–multiple times–that he was innocent of that crime. The text messages, defendant alleges, clearly implicated another individual nicknamed "Ghost." Doc. no. 1005, ECF p. 7. Defendant asserts that in addition to those text messages, the government relied on a phone call. An analysis of the audio of that call, according to defendant, would have supported his claim of innocence. Despite this, defendant asserts that defense counsel did not investigate and research the issue. Instead, defendant maintains that defense counsel let, and "even coerce[d]" defendant to plead guilty to Count 2. *Id*. at p. 7.

In response, the government contends that defendant has failed to show his counsel performed deficiently, not only with respect to grounds 1 and 2, but also, with respect to the other grounds alleged. The government additionally contends that the defendant has failed to show that any alleged performance deficiency prejudiced defendant.

On the issue of performance deficiency, the government submits the affidavit of defense counsel. With respect to grounds 1 and 2, defense counsel acknowledges that during their meetings prior to the guilty plea, defendant told him that "he was not the same 'Ghost' as the one portrayed in Count 2." Doc. no. 1011-3, ¶ 4. Defense counsel, however, avers that he "advised [defendant] the government did not agree with his position and would not dismiss Count 2." *Id*. He also avers he advised defendant that "his constitutional right allowed him to go to trial and hold the government to its burden of proving it beyond a reasonable doubt." *Id*.

3

Additionally, defense counsel avers that as to ground 3, he and defendant "discussed the plea agreement being offered to [defendant] and what his choices were, accept it or go to trial." *Id*., ¶ 5. As to ground 4, defense counsel avers he did not "indicate" or "insinuate" that defendant would get no more than 10 years for his sentence. *Id*. He told defendant that he would get at least 5 years because of the statutory minimum for the offenses. *Id*. With respect to ground 5, defense counsel avers that when discussing the presentence investigation report, defendant "did not deny being guilty of Count 2," but did "lodge objections to two [sentencing] enhancements," and defense counsel filed those objections with the probation officer. *Id*., ¶ 7.

On the issue of prejudice, the government asserts that defendant benefited by his guilty plea to Counts 2, 6, and 8. The government points out that defendant was charged with seven separate counts in the indictment, and four of those counts—1, 3, 4 and 5—were dismissed pursuant to the plea agreement. Unlike the counts to which defendant pleaded guilty, the government asserts that each of the dismissed counts carried a mandatory statutory minimum sentence of 10 years. The government points out that, by entering into the plea agreement on Counts 2, 6, and 8, the defendant lowered his statutory minimum sentence exposure.

Also, the government maintains that defendant did not have the option of pleading guilty to Counts 6 and 8 and taking Count 2 to trial. To qualify for the dismissal of all other counts, defendant had to plead guilty to Counts 2, 6, and 8. It further asserts that defendant has not denied that the government could prove his involvement in the drug conspiracy as charged in Count 1 or his distribution of methamphetamine as charged in Counts 3, 4, and 5. The government maintains that even if Count 2 were excluded from the presentence investigation report's drug weight calculations, defendant's base offense level would still remain at 32, and his sentence would not have been different.

In addition, the government disputes that defense counsel insinuated that defendant would not receive more than 10 years imprisonment. However, even if defense counsel did as plaintiff alleges, the government asserts that defendant was informed of his true potential sentence in writing in the plea petition and plea agreement and verbally at the plea hearing. Further, the government points out that the court specifically informed defendant that the sentence imposed by the court may be different from any estimate his defense counsel may have given him.

In reply, defendant states that after he filed his initial § 2255 motion and memorandum, he filed an amended § 2255 motion on April 4, 2023, pursuant to Rule 15, Fed. R. Civ. P. Because the amended § 2255 motion was filed within 21 days of the filing of his initial § 2255, he maintains that he was not required to obtain leave from the court. Defendant asserts that in the amended § 2255 motion, he alleges a ground 6 which alleges another ineffective assistance of counsel claim. Defendant asserts that he told counsel that the "Ghost" in Count 2 is another "Ghost," and that "Ghost" is the very same "Ghost" charged in Counts 3, 4, and 5. *See*, doc. no. 1014, ECF p. 3. Defendant points out that his defense counsel's affidavit fails to account for what defendant told him regarding Counts 3, 4, and 5. Defendant contends that because the mistaken identity extends to Counts 3, 4, and 5, as well as Count 2, the only counts that would have been left (after dismissal of all those counts) would have been Counts 1, 6, and 8, "by which counsel could have then pursued a fair plea agreement or [defendant] could have proceeded to trial." Doc. no. 1014, ECF p. 5.

Defendant asserts that in its response, the government ignores his amendment. Defendant seeks clarification as to the amended § 2255 motion—whether it was never received or never filed or whether it will be addressed in a future response by the government.

II.

*Amended § 2255 Motion*

Initially, the court notes that there is no record of an amended § 2255 motion received from defendant. While defendant contends that he could file the amended § 2255 motion without leave, the Tenth Circuit has indicated that leave of court is required. *See*, United States v. Roe, 913 F.3d 1285, 1296 (10th Cir. 2019) ("Pursuant to the provisions of Fed. R. Civ. P. 15(a)(2), a movant may file an amended § 2255 motion at any time during post-conviction proceedings with *leave of court*.") (emphasis added). Defendant has never sought leave to amend his initial § 2255 motion.

Although defendant sets forth in his reply brief the allegations supporting the ground 6 that was purportedly alleged in the amended § 2255 motion, the court does not address new issues raised for the first time in a reply brief. *See*, United States v. Moya-Breton, 439 Fed. Appx. 711, 715 (10th Cir. 2011) ("Although the issue is raised in his district-court traverse, such a pleading, like a reply brief, is not a proper vehicle to raise a new issue.") (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).[4] As a result, the court addresses only the five grounds raised by defendant in his initial § 2255 motion and memorandum.

III.

*Discussion*

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court laid out the framework for an ineffective assistance of counsel claim. Under it, defendant must show (1) counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness," *id*. at 687-88, and (2) the deficient

---

[4] Further, the court notes that the allegations in the reply brief have no evidentiary support. Unlike the allegations in the initial § 2255 motion, they are not supported by defendant's written unsworn declaration pursuant to 28 U.S.C. § 1746.

performance prejudiced the defendant's defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. If the defendant fails to make a sufficient showing at either step of the analysis, the court must deny the alleged ineffective assistance of counsel claim. *Id*. at 697.

Grounds 1 and 2

As to grounds 1 and 2—allowing defendant to plead guilty to Count 2 when he maintained his innocence and failing to investigate and research the issue regarding his innocence—the court concludes that defendant has failed to make a sufficient showing of prejudice. "In the guilty-plea context, Strickland's prejudice prong ordinarily requires a defendant to demonstrate that 'there is a *reasonable probability* that, but for [his] counsel's error, *he would not have pleaded guilty* and would have insisted on going to trial.'" United States v. Dominguez, 998 F.3d 1094, 1111 (10th Cir. 2021), *cert. denied*, 142 S.Ct. 2756 (2022) (emphasis in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Defendant "'must convince the court that [his] decision to reject the plea . . . would have been *rational under the circumstances*.'" *Id*. at 1112 (emphasis in original) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). And "it is often quite difficult" for defendants who have entered a guilty plea to satisfy this standard. *Id*.

Defendant has not convinced the court that a decision to reject the plea agreement and to proceed to trial would have been rational under the circumstances. Far from it. Defendant was charged with seven drug-related offenses in the indictment. Acceptance of the plea agreement was rational given the statutory penalties associated with defendant's charges. The four charges dismissed because of defendant's guilty plea—Counts 1, 3, 4, and 5—all carried a minimum penalty of 10 years' imprisonment and a maximum penalty of life in prison. On the other hand,

7

Counts 2, 6, and 8 carried a minimum penalty of 5 years and a maximum penalty of 40 years. In sum, defendant's plea agreement was favorable to him, and this militates strongly in favor of a conclusion that it would have been irrational for defendant to reject it.

Further, even though defendant claims to be innocent of the offense charged in Count 2, and even if the court were to accept defendant's allegation of innocence in his reply brief as to Counts 3, 4, and 5, defendant has not proffered evidence that he is innocent or has a viable defense to Count 1. Count 1 charged a conspiracy to possess with intent to distribute or to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 1,000 grams or more of heroin. In his unsworn written declaration, defendant avers that when he saw the list of co-defendants, he told his counsel did not know "any of them people." Doc. no. 1005-1, ECF p. 3. But as defendant's presentence investigation report reveals, Count 6–use of a telephone to facilitate a drug-trafficking crime, to which defendant pleaded guilty and as to which he does not now deny guilt–concerned a half-pound methamphetamine transaction involving defendant and two of the co-defendants, Ramon Dominquez and John Buckaloo. Both of those defendants pleaded guilty to the drug conspiracy, and the presentence investigation reports for those defendants included the transaction charged in Count 6 as relevant conduct. Even if defendant may not have known all the individuals charged with drug conspiracy in Count 1, he did not need to know "all the details or all the members of a conspiracy" to be convicted of the charged crime. United States v. Tennison, 13 F.4th 1049, 1059 (10th Cir. 2021).

And even if defendant had been acquitted on Counts 2, 3, 4, and 5, but convicted of Count 1, the court still could have considered the relevant conduct giving rise to the four acquitted counts, if the government proved that conduct by a preponderance of the evidence at the sentencing hearing. See, United States v.

8

Watts, 519 U.S. 148, 149 (1997). And there is no showing in the record, at least as to Counts 3, 4, and 5, that the government would have had any problem proving that conduct by a preponderance of the evidence. As a result, the court concludes that defendant has not shown circumstances that would have made it rational for defendant to forgo his favorable plea agreement and insist on proceeding to trial. The court therefore concludes that defendant has not satisfied Strickland's prejudice prong with respect to grounds 1 and 2. See, Dominguez, 998 F.3d at 1110 (court need not address the performance component of the Strickland test if defendant fails to make a sufficient showing on the prejudice component).[5]

Ground 3

As to ground 3—defense counsel misinforming him that he had to go to trial on all counts or plead guilty—the court concludes that defendant has failed to show defense counsel's performance was deficient. Counsel did not err in advising defendant that he had to plead guilty to Counts 2, 6, and 8 or go to trial on all counts. The plea deal which the government offered to defendant, in exchange for the dismissal of Counts 1, 3, 4 and 5, required him to plead guilty to Counts 2, 6 and 8. Unless defendant agreed to the plea deal, he had to proceed to trial on all counts. There was never an option to take Count 2 to trial, standing alone, and plead to Counts 6 and 8. And there was not an option to plead to Counts 6 and 8 alone and proceed to trial on the other counts.

Even assuming that defense counsel's performance was deficient, the court concludes that defendant has failed to satisfy Strickland's prejudice prong for the reasons previously discussed with respect to grounds 1 and 2.

---

[5] Although, on this point, the court goes straight to Strickland's prejudice component, the court certainly has no reason to elide consideration of the performance component. Defendant was represented by an experienced and highly competent defense lawyer. Because defendant's motion is so palpably lacking in merit on the issue of prejudice, there is simply no reason to dwell on the highly implausible factual assertions advanced by defendant in support of grounds 1 and 2.

Ground 4

Turning to ground 4–defense counsel misinforming defendant as to his true sentence exposure (petitioner was looking at no more than 10 years' imprisonment)– the court finds that defendant has failed to show that counsel's performance was deficient. In the Tenth Circuit, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance arising to the level of ineffective counsel." United States v. Parker, 720 F.3d 781, 787 n. 9 (10th Cir. 2013) (quotation marks and citation omitted). Although "counsel's failure to understand the basic structure and mechanics of the sentencing guidelines can rise to deficient performance under Strickland," id., defendant has not made such allegation in his papers.

Even assuming defense counsel's performance was deficient, the court finds that defendant has failed to satisfy Strickland's prejudice prong. The plea agreement clearly informed defendant of the maximum penalties that could result from a guilty plea to Counts 2, 6, and 8. And in that agreement, defendant acknowledged that the court was not bound by, nor obligated to accept, the stipulations, agreements, or recommendations of the United States or the defendant. In addition, at the plea hearing, defendant was again informed of the statutory maximum penalties applicable to Counts 2, 6, and 8. Defendant was also informed by the court about the impact of the advisory sentencing guidelines and how the court may impose a sentence that could be different from any estimate provided by his counsel, which defendant acknowledged he understood. The court also explicitly informed defendant that there was no way to know with any certainty what the consequences of what his plea would be because the court had not seen the presentence report or other information it would need to consider in determining his sentence. Consequently, the court concludes that defendant has failed to demonstrate any

prejudice from defense counsel's alleged deficient performance regarding defendant's true sentence exposure.

Ground 5

With respect to ground 5—allowing defendant to plead guilty to Count 2, which subjected him to sentencing enhancements for importation, U.S.S.G. § 2D1.1(b)(5), and for manager/supervisor, U.S.S.G. § 3B1.1(b), which would not have otherwise applied—the court finds that defendant has failed to satisfy Strickland's prejudice prong. As discussed, even though defendant claims to be innocent of Count 2 and even if the court were to accept defendant's allegation of innocence in his reply brief as to Counts 3, 4 and 5, defendant has not proffered evidence that he is innocent or has a viable defense to Count 1. And a conviction on Count 1 would allow the court to consider the same importation and manager/supervisor sentencing enhancements if the government proves the relevant conduct giving rise to Counts 2, 3, 4, and 5 by a preponderance of the evidence.

In sum and for the reasons stated with respect to grounds 1, 2, 3, 4, and 5, the court concludes that each of defendant's ineffective assistance of counsel claims fails on its merits.

IV.

*Evidentiary Hearing*

The court file and record conclusively show that defendant is not entitled to relief under 28 U.S.C. § 2255. A hearing is therefore not warranted. *See*, Sanders v. United States, 373 U.S. 1, 21 (1963) (sentencing court has discretion to ascertain whether claim is substantial before granting full evidentiary hearing in a § 2255 matter).

V.

*Certificate of Appealability*

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon review, the court finds that defendant cannot satisfy this standard. The court thus denies a certificate of appealability.

VI.

*Conclusion*

Accordingly, defendant, Zachary George Crister's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. nos. 1004 and 1005), is **DENIED**. A certificate of appealability is also **DENIED**. Judgment shall issue forthwith.

DATED this 7th day of November, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0372p183 (Crister).docx